UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MICHAEL JADALI, D.O., CENTER FOR PAIN & REHABILITATION MEDICINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 3:19-cv-00996-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 14, 16 |

**INTRODUCTION**

This dispute arises out of the deteriorated relationship between plaintiffs Dr. Michael Jadali, the Center for Pain & Rehabilitation Medicine ("CPRM") and the Pacific Coast Medical Clinic ("PCMC") (collectively, "plaintiffs") and defendants Cigna Healthcare of California ("CHC") and Cigna Health and Life Insurance Company ("CHLIC") (collectively, "Cigna"). Cigna removed the case to federal court on the basis of diversity jurisdiction, arguing that the non-diverse defendant CHC was fraudulently joined. Because Cigna has not met its burden to show that there is no possibility plaintiffs state a claim against CHC, I will grant the motion to remand.

**BACKGROUND**

On January 4, 2019, plaintiffs filed a complaint in Santa Clara County Superior Court alleging breach of implied-in-fact contract, book account, unfair business practices, intentional and negligent interference with contractual relations, and intentional and negligent interference with prospective economic advantage. Complaint ("Compl."), Notice of Removal Ex. A [Dkt. No. 1-1]. They allege that after they left the Cigna network in 2014, "Cigna began targeting [their] business in a variety of ways that have caused significant and ongoing harm." *Id.* ¶¶ 2–3.

Cigna removed the action to federal court on February 22, 2019 on the basis of diversity jurisdiction. Notice of Removal [Dkt. No. 1]. Cigna asserts that non-diverse defendant CHC, which shares California citizenship with the plaintiffs, should not be considered for purposes of determining jurisdiction because it was fraudulently joined. *Id.* ¶¶ 10, 13–14. In support of removal Cigna submitted a declaration from William Jameson, longtime employee of Cigna and current managing counsel for Cigna companies in California.[1] Declaration of William Jameson ("Jameson Decl.") [Dkt. No. 1-5] ¶ 1. He stated that CHC operates Cigna's Health Maintenance Organization ("HMO") business and thus has no responsibility for non-emergency services from providers who are outside of Cigna's contracted network. *Id.* ¶ 4. Because the plaintiffs were not in-network providers during the dates laid out in the complaint, "CHC had no responsibility for processing, adjudicating, or denying the claims for the services at issue in this action." *Id.* ¶¶ 3, 5. Instead, only CHLIC was responsible for insuring and/or administering out-of-network plans like those under which plaintiffs seek to recover. *Id.* ¶ 7. For these reasons, Cigna removed on the basis that CHC was fraudulently joined and "should be disregarded for purposes of determining whether diversity exists." Notice of Removal ¶ 13.

On March 27, 2019, plaintiffs filed a motion to remand the case to state court. Motion to Remand ("Mot.") [Dkt. No. 14-1]. Cigna filed a motion to dismiss the complaint on the same day. Motion to Dismiss ("MTD") [Dkt. No. 16].

## LEGAL STANDARD

A defendant may remove a case from state to federal court by filing a notice of removal that lays out the grounds for removal. 28 U.S.C. § 1441(a). The district court must remand the case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction lies with the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal

---

[1] The plaintiffs present an evidentiary challenge to the Jameson Declaration. Objection re: Notice of Removal [Dkt. No. 15]. But when asserting diversity jurisdiction based on fraudulent joinder, "the defendant is entitled to present the facts showing the joinder to be fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotation marks omitted).

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## DISCUSSION

### I. FRAUDULENT JOINDER

The defendants removed this case on the basis of diversity jurisdiction, arguing that non-diverse defendant CHC does not defeat federal jurisdiction because it was fraudulently joined. Notice of Removal ¶¶ 10–13. The plaintiffs move to remand on the grounds that the defendants have not met their "heavy burden" to show fraudulent joinder.

Diversity jurisdiction only exists if there is complete diversity among the parties, meaning no plaintiff shares citizenship with any defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). But "[a] district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citation omitted). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Defendants who remove in reliance on this theory carry a "heavy burden" because of the "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), and that "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant," *Good v. Prudential Insurance Company of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Defendants can show fraudulent joinder by presenting "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims" against the non-diverse defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). But defendants have not met the burden to show fraudulent joinder where they raise "a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49. "All doubts concerning the

3

sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

While Cigna has presented facts that undermine plaintiffs' allegations about CHC's liability and may prove meritorious, it has not succeeded in showing that there is *no possibility* that a state court would find that plaintiffs state a cause of action against CHC. "[T]he complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549. Here the complaint specifically alleges that CHC and CHLIC "are alter egos of each other, and have such a unity of interest and ownership that the individuality, or separateness, of these corporations has ceased, if it ever existed." Compl. ¶ 18. Plaintiffs assert that the defendants "intentionally obscure the specific legal entity . . . on whose behalf they are acting." Reply [Dkt. No. 22] 2 (quoting Compl. ¶ 18). These allegations present a theory under which CHC could be liable. *See Ritchey*, 139 F.3d at 1318 (noting that fraudulent joinder requires a showing that the relevant defendant "cannot be liable on any theory").

Cigna argues that the Jameson declaration establishes that CHC has no role in adjudicating out-of-network claims, which does not contradict the pleadings because they "do not contain any allegations regarding the structure of CHC or CHLIC or their respective roles administering health plans." Oppo. 4. I disagree. The complaint makes specific allegations about the structure of CHC and CHLIC—namely that they are "alter egos of each other" and that any formal separation that might have existed "has ceased." *See* Compl. ¶ 18. By denying CHC's role in adjudicating any of the claims for services at issue, the Jameson declaration contradicts these allegations. *See Grancare*, 889 F.3d at 551 (noting that "a denial, even a sworn denial, of allegations does not prove their falsity"). The plaintiffs assert that discovery will be necessary to determine whether Cigna's corporate structure is as defendants assert or as it has appeared to plaintiffs through their dealings with CHC and CHLIC.[2] *See* Compl. ¶ 18; Mot. 4.

---

[2] The defendants further criticize plaintiffs' failure to contest that CHC's role is limited to in-network provider claims or that CHC is not involved with the Special Investigations Unit that allegedly improperly plaintiffs' patients. Oppo. 3. But as the complaint states and plaintiffs reiterate, they need an opportunity to obtain discovery in order to do so. Compl. ¶ 18.

4

In the cases Cigna cites, there was no conceivable way that the plaintiffs' allegations would be borne out against the fraudulently joined party. It is not conceivable that a plaintiff can avoid privilege where the complaint itself sets forth facts clearly showing the privilege applies. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It is not conceivable that an individual or entity who is not a party to a contract can be sued on it. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir. 1989); *see also Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992) (finding fraudulent joinder of individual employees where the employer had expressly agreed to accept responsibility for their actions). It is not conceivable that an abandoned corporate entity that never conducted any business or was licensed to do so could be liable on a policy. *See Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006). It is not conceivable that a complaint that entirely lacks material allegations against individual defendants can state a claim against them.[3] *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998).

But it is conceivable that a corporate family could have formal delineations of responsibilities that are not followed in practice. Cigna's evidence casts doubt on the plaintiffs' chances for success on the merits of their claims against CHC, not the viability of the complaint itself. Because CHC was not fraudulently joined, diversity jurisdiction did not exist at the time of removal. This case must be remanded to state court.

## II. ATTORNEY FEES

Plaintiffs seek costs and fees incurred as a result of Cigna's improper removal pursuant to 28 U.S.C. section 1447(c). Costs and fees are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare*, 889 F.3d at 552. Two factors are relevant to this analysis: (1) the clarity of the relevant law at the time of removal and (2) the factual similarities between cases applying that law and the case at issue. *See id.*

---

[3] The plaintiffs sought leave to amend, asserting that the omissions were in error, but the court referred only to the complaint that existed at the time defendants removed the case. *Brown*, 17 F. Supp. 2d at 1137 (citing *Kruso v. I.T.T.*, 872 F.2d 1416, 1426 n.12 (9th Cir.1989)).

5

Plaintiffs assert that Cigna lacked an objectively reasonable basis for removal because of the Ninth Circuit's recent decision in *Grancare*. Mot. 6. That case is not sufficiently on point to warrant fees. There, the defendants argued that an employee was fraudulently joined and relied on a declaration in which she denied the plaintiffs' allegations of elder abuse, in part based on her role as an administrator. *Grancare*, 889 F.3d at 549, 551. A declaration denying individual liability is materially different from a declaration that lays out corporate structure and practice in a way that could show an entity had no role in the actions giving rise to the plaintiffs' claims. Cigna did not lack an objectively reasonable basis for removal. The request for attorney fees is DENIED.

## CONCLUSION

For the reasons set forth above, Cigna has not established a basis for federal jurisdiction. This case is REMANDED to the Superior Court of California, County of Santa Clara. Plaintiffs' request for fees is DENIED, and Cigna's motion to dismiss is DENIED AS MOOT. The May 1, 2019 hearing on the motions is VACATED.

**IT IS SO ORDERED.**

Dated: April 29, 2019



William H. Orrick
United States District Judge

6